# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., § § | | |
| Plaintiff, § § § | | 4:24-cv-5 |
| v. § | CIVIL ACTION NO. _____ | |
| § OPEN MOUNTAIN ENERGY, LLC, § § | | |
| Defendant. § § | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 81, Open Mountain Energy, LLC ("**Open Mountain**") removes Cause No. 2023-80350, *Halliburton Energy Services, Inc. v. Open Mountain Energy LLC*, from the 55th District Court of Harris County, Texas (the "**Lawsuit**") to the United States District Court for the Southern District of Texas, Houston Division.[1]

### BACKGROUND

1. Halliburton Energy Services, Inc. ("**Halliburton**") commenced the Lawsuit in Texas state court on November 17, 2023. *See* Index of Matters Filed in State Court (Doc. 2) at Exhs. 4 & 5.

2. Open Mountain's registered agent for service of process was served with a copy of the state court citation and petition on December 4, 2023. *See Id.* at Ex. 3.

### DIVERSITY OF CITIZENSHIP

3. The Lawsuit is removable pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between a citizen of a State and a citizen of a foreign state. *See* 28 U.S.C. § 1441(a).

---

[1] This Notice of Removal is filed without waiver of any arguments or objections, jurisdictional or otherwise, that Open Mountain may choose assert in its responsive pleadings and/or motions to be submitted in accordance with FED. R. CIV. P. 12 and 81.

4855-6796-1754.1

**A.      The amount in controversy exceeds $75,000.**

4.      Halliburton expressly seeks monetary relief from Open Mountain "in at least the amount of $1,072,124.49." *See* Index of Matters Filed in State Court (Doc. 2) at Exh. 4 (Plaintiff's Original Petition at ¶ 23 and Section VIII – "Conclusion and Prayer"). Therefore, the matter in controversy satisfies the $75,000 threshold requirement of 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2).

**B.      The parties are completely diverse.**

5.      Complete diversity of citizenship exists between the parties.

6.      Halliburton is a citizen of Texas and Delaware. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Halliburton is a corporation formed under the laws of the State of Delaware and maintains its principal place of business in the State of Texas. Therefore, Halliburton is deemed to be a citizen of both Texas and Delaware for purposes of diversity jurisdiction.

7.      Open Mountain is a foreign citizen of Singapore. Open Mountain is a limited liability company formed in the State of Delaware and maintains its principal place of business in the State of Nevada. However, for purposes of diversity jurisdiction, a limited liability company's state of formation and principal place of business are not relevant to determine its citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Rather, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Id.* at 1080. Open Mountain is a single-member limited liability company. Its sole member is Kaishan Renewable Energy Development PTE Ltd., which was incorporated in Singapore on November 18, 2015, and maintains its principal place of business in Singapore. Therefore, Open Mountain is deemed to be a foreign citizen of Singapore for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1)..

### CONSENT

8. Open Mountain is the only defendant named in the Lawsuit. Therefore, under 28 U.S.C. § 1446(b)(2), there are no other defendants required to consent to removal.

### VENUE IS PROPER IN THIS COURT

9. The United States District Court for the Southern District of Texas, Houston Division, embraces the district and division where the Lawsuit was pending in Texas state court. Accordingly, this Court is the proper venue for filing this Notice of Removal. *See* 28 U.S.C. §§ 124(b)(2); 1446(a).

### REMOVAL IS TIMELY

10. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b)(1). Open Mountain was served with the state court citation and petition on December 4, 2023. Open Mountain filed this Notice of Removal within thirty (30) days after service. Accordingly, removal is timely.

### NOTICE GIVEN TO STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the state court from which the Lawsuit is being removed, and this Notice of Removal is being served on all parties to the state court proceeding as reflected in the Certificate of Service below.

### LIST OF COUNSEL OF RECORD

12. Pursuant to Local Rule 81(6), a list of all counsel of record, including their addresses, telephone numbers, and parties represented, is appended as Exhibit "6" to the Index of Matters Filed in State Court (Doc. 2).

Respectfully submitted,

/s/ *Michael A. (Mitch) Ackal, III*
Michael A. (Mitch) Ackal, III
Texas Bar No. 24045367
S.D. Tex. Bar No. 573925
mackal@grayreed.com
GRAY REED & MCGRAW LLP
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Telephone)
(713) 986-7100 (Telefax)

**ATTORNEY-IN-CHARGE FOR**
**OPEN MOUNTAIN ENERGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* was served upon the following counsel of record on this 2nd day of January, 2024, via (i) electronic mail, and (ii) certified mail, return receipt requested:

Jeff Carruth
jcarruth@wkpz.com
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
24 Greenway Plaza, Suite 2500
Houston, Texas 77046

/s/ *Michael A. (Mitch) Ackal, III*
Michael A. (Mitch) Ackal, III

4

4855-6796-1754.1